THE CITIZENS' BANK v. FAIRWEATHER.

Opinion delivered January 22, 1917.

1. NEGLIGENCE—INJURY TO PASSENGER IN ELEVATOR.—Plaintiff, a boy
of 14 or 15 years, was injured in a passenger elevator, when his
foot, which protruded over the floor of the elevator, struck the
beams of the second floor as the elevator ascended. *Held*, under
the evidence adduced, that, considering the plaintiff's years, he
was not guilty of contributory negligence, nor did he assume the risk
of injury by entering the elevator, and that the evidence warranted
a finding that the operator of the elevator was guilty of negligence
in not warning him of the danger of letting his foot protrude over
the floor of the car.

2. EVIDENCE—PERSONAL INJURY ACTION—CONSTRUCTION OF APPLIANCE
—NON-EXPERT TESTIMONY.—Plaintiff, a boy of 14 or 15 years, was
injured when his foot, which he permitted to protrude over the edge
of the floor of a passenger elevator in which he was riding, struck the
beams of the second floor of the building as the elevator ascended.
*Held*, testimony of the father of plaintiff, although a non-expert, as
to how the elevator and building might have been constructed so as
to avoid such injuries as this one, was admissible, and that the jury
were entitled to consider it for what it was worth.

Appeal from Jefferson Circuit Court; *W. B. Sorrells*,
Judge; affirmed.

*Bridges and Wooldridge* for appellant.

1. Fairweather was a non-expert witness and
his testimony should have been excluded. 57 Ark.
387.

2.   The court erred in its instructions as to contributory negligence and assumed risk. The error was not cured in other instructions.   99 Ark. 384-5; 122 Ark. 272; 123 Ark. 594.

3.   The court erred in refusing the peremptory instruction for defendant. It is always improper and dangerous to extend the foot beyond the floor of an elevator.   The danger is apparent to any one of reasonable intelligence, discretion and experience.   143 Fed. 937; 119 Ark. 540.   A minor can be guilty of contributory negligence if of sufficient intelligence and discretion to understand and appreciate the danger. 98 Ark. 222; 100 Id. 76; 157 N. W. 811, 814-15.

A. H. Rowell for appellee.

1.   Negligence in the construction and maintenance of the elevator was shown.   It was proven that the operator was negligent.   The boy was a minor, 15 years old, and the danger was hidden; known only to defendant and its employee.   93 Ark. 397; 6 Cyc. 596; 138 Am. St. Rep. 477; 127 N. W. 118; 1 Thompson on Negligence, 980-1; 52 L. R. A. 930.   No warning was given and the boy was not of such age and intelligence as to know and appreciate the danger.

2.   Fairweather's testimony was not prejudicial. No expert knowledge was necessary.   121 Ark. 387. His testimony was corroborated.

3.   There is no error in the instructions, reading them together.   83 Ark. 61.

4.   The same degree of care is required as in the case of railroads and other carriers of passengers.   93 Ark. 397; 6 Cyc. 596.   138 Am. St. 477; 127 N. W. 118.   It was appellant's duty to provide experienced and skillful servants.   1 Thompson on Negl. 980-1; 52 L. R. A. 930.

McCULLOCH, C. J.   Laurie Fairweather, a lad between 14 and 15 years of age, while ascending in an elevator to one of the upper floors of a building owned by the defendant, the Citizens Bank, in the city of Pine Bluff, received personal injuries, and through his .

guardian instituted this action to recover compensation. His father also sued for damages on account of the loss of services, etc., of his son, but afterwards dismissed the action and the case proceeded to a trial on the complaint of the injured boy.

The defendant owned an office building in the city of Pine Bluff, and operated a passenger elevator for the convenience of the occupants of the building and those who came there on business. Laurie Fairweather was a messenger boy for a telegraph company, and went to the building for the purpose of delivering a message to one of the occupants on an upper floor. He entered the elevator and was the only passenger, and stood in front of the door by the side of the elevator operator as the elevator ascended. He placed his foot so as to extend it over the floor of the elevator a slight distance, and as the elevator ascended his foot struck against the beam of the second floor and his foot was severely injured. Negligence of the defendant is charged in so constructing the elevator that the projecting beam could strike an object extending over the edge of the floor of the elevator, and also in failing to warn the boy of the danger of extending his foot over the edge of the elevator floor. There was an answer filed, denying each of the allegations of negligence and pleading contributory negligence and assumption of risk on the part of the plaintiff himself. There was a trial of the cause before a jury, and a verdict in favor of the plaintiff, assessing damages.

(1.) The case went to the jury solely on the question of negligence of the operator of the elevator in failing to warn the plaintiff of the danger of placing his foot so that his toes would extend over the edge of the elevator floor. It will be unnecessary, therefore, to discuss the question whether there was any negligence in the construction of the elevator. The proof adduced by the defendant tends to show that the elevator cage and shaft were constructed in the same manner as in all other modern buildings of the country,

and that there was no way in which an accident of this sort could be provided against, it being necessary for the edge of the elevator cage to pass in close proximity to the beams of the floors of the building.   The evidence shows that the plaintiff stood near the side of the operator, and that there were no other passengers in the elevator at the time, and this state of facts authorized the jury in drawing the inference of negligence on the part of the operator in failing to warn the boy of the danger of his situation.

It is earnestly contended, however, that the undisputed evidence shows that the boy was intelligent and was in a position where he could observe the danger, and that he did appreciate it and must be deemed as a matter of law to have assumed the risk.   After careful consideration of the testimony we are of the opinion that it should not be said that it was an assumption of risk or that the plaintiff was guilty of contributory negligence.   In reaching this conclusion, of course, the immature age of the plaintiff must be considered, for the situation was such that a person of mature years would be deemed to have assumed the risk. Plaintiff had equal opportunity with the operator of observing the danger, and if he had been on an equality with the operator in point of intelligence it should be said that that which constituted negligence on the part of one was necessarily negligence on the part of the other, but they were not equal in intelligence, at least the jury could have so found, and we cannot say as a matter of law that the plaintiff was guilty of negligence or that he assumed the risk.   He states in his testimony that there was enough light for him to see and that if he had looked he could have seen that his foot would strike the beams of the floors, but we think it was a question for the jury under all the circumstances to determine whether the boy was of sufficient discretion and intelligence to appreciate the danger so as to be held to have assumed the risk.

Counsel for defendant rely upon a decision of the Supreme Court of North Dakota (*Derringer* v. *Tatley*,

157 N. W. 811) where that court held that a boy 14 years of age, who had been injured by thrusting his head through an opening in a passenger elevator, could not recover on account of his own contributory negligence. The doctrine of that case may be sound without necessarily controlling the one now before us, for the character of the alleged negligent act was totally different. It might well be said that for a passenger in an elevator to thrust his head through an opening was so obviously dangerous that a child of immature age and discretion would be bound to know that it was dangerous, and to know and appreciate the danger; but it would be different in testing his conduct with reference to a less glaring danger, such as allowing his toes to extend over the edge of the elevator floor. The conclusion is reached that the court properly left it to the jury to determine whether or not the plaintiff was guilty of contributory negligence or whether he assumed the risk of the danger.

Defendant objects to certain instructions of the court in submitting to the jury the question of negligence of the defendant in failing to warn the boy of the danger, and permitting the plaintiff to recover regardless of his own contributory negligence. Two instructions were objected to on that ground, but one of them very plainly submitted the question of contributory negligence, and when the two instructions are considered together it cannot be said that they ignored that question. St. L., I. M. & S. Ry. Co. v. Rogers, 93 Ark. 564.

(2) The only other assignment of error argued in the brief relates to the ruling of the court in permitting the plaintiff's father to testify concerning the construction of the elevator. The ground of the exception is that the witness was not shown to be an expert on the subject. It is not objected to on the ground that the subject matter did not call for expert testimony. The witness explained in his testimony a method whereby the floor beams could be constructed so as to shove the foot back when it came into con-

tact with the floor beams. This was a matter which addressed itself to the sound discretion of the jury to determine the weight of the evidence, and the plaintiff was entitled to have the testimony go to the jury for what it was worth, even though the witness was not an expert builder or architect. His suggestion was so simple that it could readily be understood by the jury, so that if found reasonable they could accept it in determining whether or not there was negligent construction. However, the charge of negligent construction was abandoned when it came to the submission of the case to the jury, which, as before stated, was solely upon the question of negligence of the elevator man in failing to warn the plaintiff of his danger.

The case presents a close question on the facts as to contributory negligence and assumption of risk on the part of the plaintiff, but having reached the conclusion that there was enough testimony to justify a submission of those questions to the jury, we think that the record is free from error and that the judgment should be affirmed. It is so ordered.